UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Michael W. Blodgett,   Crim. No. 3:92-123 (PAM)

    Petitioner,

v.   **ORDER**

United States of America,

    Respondent.

---

This matter is before the Court on Petitioner Michael W. Blodgett's Motion for a Writ of Error Coram Nobis. (Docket No. 221.) The Motion asks the Court to vacate Blodgett's 1993 conviction on multiple counts of mail fraud, wire fraud, and interstate transportation of stolen property. (See Docket No. 111 (jury verdict).) After the jury returned its verdict, the Court sentenced Blodgett to a 78-month term of imprisonment, followed by three years of supervised release. His conviction and sentence were affirmed on appeal and his motion to vacate under 28 U.S.C. § 2255 was denied. (Docket Nos. 182, 207.) Blodgett has long since completed both his incarceration and supervision.

Blodgett raises a host of allegations regarding his nearly three-decade-old conviction. He contends he is factually and actually innocent of the charges against him, asserts that the Government violated a 1992 contract that should have precluded criminal charges against him, that the Federal Trade Commission has confessed to misconduct in two cases involving the statute under which he was investigated, and that his defense attorney, who is now deceased, failed to prepare for the case and intentionally failed to

properly examine and cross-examine witnesses. He claims that he is unable to register to vote, possess a firearm, is a "banned filer" in this District, cannot travel overseas, and that he is unable "to retain desirable employment due to 'interference' by unknown agents from or associated with the Government." (Docket No. 221 at 55-56.) In addition, he claims that he is subjected to continued surveillance including interference with his mail, cannot seek damages for the allegedly wrongful conviction, and is considered a target by "some people who want to see [him] indicted against so as to protect those implicated" in the conspiracy he describes. (Id. at 56.) He asserts that his conviction renders him unable to testify without being impeached and "unable ever again to live out retirement with his Life Partner." (Id.)

Blodgett correctly argues that a writ of error coram nobis is the appropriate way to challenge a federal conviction by one not currently in custody for that conviction. United States v. Morgan, 346 U.S. 502 (1954). The writ, however, is an "extraordinary remedy" available only in "circumstances compelling such action to achieve justice." Id. at 511. Indeed, "[c]oram nobis relief has been called the criminal-law equivalent of the Hail Mary pass in American football." Baranski v. United States, 880 F.3d 951, 954 (8th Cir. 2018). Thus, even if the allegations assert "errors of the most fundamental character" in the underlying conviction, Morgan, 346 U.S. at 512 (quotation omitted), the petitioner must also establish that he "continues to suffer significant collateral consequences from the judgment." Hager v. United States, 993 F.2d 4, 5 (1st Cir. 1993). In other words, a writ of error coram nobis will not issue unless "there is a concrete threat that an erroneous

conviction's lingering disabilities will cause serious harm to the petitioner." United States v. Craig, 907 F. 2d 653, 658 (7th Cir. 1990).

> [T]he types of disabilities sufficient to justify coram nobis relief can be broken down into three elements. First, the disability must be causing a present harm; it is not enough to raise purely speculative harms or harms that occurred completely in the past. Second, the disability must arise out of the erroneous conviction. Third, the potential harm to the petitioner must be more than incidental.

Id.

Many of the harms Blodgett raises here do not arise out of the conviction he seeks to overturn. He is banned from filing certain lawsuits in this District not because he is a convicted felon, but because he has filed numerous frivolous actions in the years since his release from imprisonment. His accusations that he is being surveilled and is a "target of some people" are not only not caused by his conviction but are not worthy of credence. He does not explain how the ostensible barrier to his retirement with his "Life Partner" is a consequence of his conviction. As to his inability to testify without being impeached, he does not allege that he has attempted to testify in any particular proceeding or that there is an imminent proceeding at which he would be required to testify. Moreover, the risk of impeachment is not such a substantial disability as to warrant the extraordinary remedy of coram nobis relief. The same is true with regard to his claims that he has been unable to find the employment he desires.

Blodgett's claim that he is unable to vote as a result of his conviction is not correct. Voting eligibility is a matter of state law, and the state of Minnesota allows felons who have fully served their sentence, including any sentence of supervised release or probation,

to register to vote. See Office of the Minnesota Secretary of State, Elections & Voting, https://www.sos.state.mn.us/elections-voting/register-to-vote/i-have-a-criminal-record/ (last visited Jan. 4, 2021).

Nor has Blodgett established that his inability to own or possess a firearm is a present harm. He does not contend, for example, that before his conviction he was an avid hunter, or make any other allegation that would allow the Court to conclude that this infringement on his civil rights is anything more than speculative. And "the loss of the right to travel to a foreign country does not appear to be a civil disability of the type justifying the issuance of a writ of error coram nobis." Howard v. United States, 962 F.2d 651, 655 (7th Cir. 1992). Even assuming that the right to foreign travel could constitute such a disability, however, Blodgett has not demonstrated that this disability is "causing him serious present harm." Id.

Because he has not established any significant present harm arising directly out of his conviction, Blodgett's allegations, even if credible, do not warrant the extraordinary relief he seeks. Accordingly, **IT IS HEREBY ORDERED that** Petitioner's Motion for Writ of Error Coram Nobis (Docket No. 221) is **DENIED**.

Dated: January 5, 2021

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge